### McDONALD et al. v. MANDEVILLE et al.

(Circuit Court of Appeals, Second Circuit. November 12, 1919.)

#### No. 6.

BROKERS ⟨key⟩49(1)—BROKERS NOT ENTITLED TO COMMISSIONS WHEN NOT PROCURING CAUSE.

While a buyer may promise anything, an unusual contract cannot be spelled out of words normally importing only the conventional agreement with the broker; so brokers cannot, on proof of an ordinary contract of brokerage, recover commissions because defendants made the purchase, without any showing that the brokers were the procuring cause of sale, on the ground defendants were to pay commissions if they made the purchase.

In Error to the District Court of the United States for the Southern District of New York.

Action by Benjamin McDonald and another against Edward E. Mandeville and others. There was a judgment dismissing the complaint, entered at the close of defendants' case, and plaintiffs bring error. Affirmed.

See, also 250 Fed. 607, 162 C. C. A. 623.

Bacon & Rorty, of Goshen, N. Y. (Philip A. Rorty, of Goshen, N. Y., and Albert Ritchie, of New York City, of counsel), for plaintiffs in error.

Graham & L'Amoreaux, of New York City (George S. Graham, Ralph Polk Buell, and John B. Knox, all of New York City, of counsel), for defendants in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. The judgment complained of is the result of a retrial of this action, as directed in Mandeville v. MacDonald, 250 Fed. 607, 162 C. C. A. 623. The evidence in the present record is substantially what was here before, and the statement of facts prefixed to our opinion is sufficient. There has been no amendment of complaint, and it is still true that plaintiffs do not sue to recover the usual broker's commission for bringing together the minds of a willing seller and a willing and able buyer, but states as the ground of recovery (we quote from their brief) that—

"The agreement to pay the plaintiffs was dependent on the defendants buying, and not upon the plaintiffs being the procuring cause of the sale."

To repeat what we said before on this point, a buyer may promise anything; he may agree to pay for failure as well as success, but when the unusual contract is asserted, it can never be spelled out of words normally importing only the conventional—i. e., the familiar brokerage employment, which is always of the "no cure, no pay," kind.

This cause was retried after we had indicated the foregoing as the crux of the matter, and it is still clear (1) that plaintiffs themselves on November 12, 1913, proposed in writing the usual brokerage contract; (2) that they wholly failed to earn a commission thereunder; (3) that never did defendants promise to pay them for their failure what they had stipulated for in the event of success; and unless this last had been shown "pretty plainly" the dismissal of complaint was right.

Judgment affirmed, with costs.